Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASTELLAS PHARMA INC.; ASTELLAS US LLC; ASTELLAS PHARMA US, INC.; MEDIVATION LLC; MEDIVATION PROSTATE THERAPEUTICS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HIKMA PHARMACEUTICALS USA INC.,<br><br>Defendant. | Civil Action No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Astellas Pharma Inc. ("API"), Astellas US LLC ("AUS"), and Astellas Pharma US, Inc. ("APUS") (collectively, "Astellas"), and Medivation LLC and Medivation Prostate Therapeutics LLC ("MPT") (collectively, "Medivation") (all collectively, "Plaintiffs"), for their Complaint against Defendant Hikma Pharmaceuticals USA Inc. ("Hikma"), hereby allege as follows:

1

## THE PARTIES

1. Plaintiff API is a corporation organized and existing under the laws of Japan having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan.

2. Plaintiff AUS is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 2375 Waterview Drive, Northbrook, Illinois 60062, United States.

3. Plaintiff APUS is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 2375 Waterview Drive, Northbrook, Illinois 60062, United States.

4. Plaintiff Medivation LLC is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 66 Hudson Boulevard East, New York, New York 10001-2192, United States.

5. Plaintiff MPT is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 66 Hudson Boulevard East, New York, New York 10001-2192, United States.

6. On information and belief, Defendant Hikma is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 200 Connell Drive, 4th Floor, Berkeley Heights, New Jersey 07922, United States.

7. On information and belief, Hikma, by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of New Jersey and throughout the United States.

## NATURE OF THE ACTION

8. This is a civil action for the infringement of United States Patent Nos. 11,839,689 ("the '689 patent") and 12,161,628 ("the '628 patent") (collectively, the "Xtandi® patents") under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., arising from Hikma's filing of ANDA No. 218731 with the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of the pharmaceutical products Xtandi® tablets, 40 and 80 mg, before the expiration of Plaintiffs' patents covering Xtandi® tablets and their use.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

10. This Court has personal jurisdiction over Hikma by virtue of the fact that, *inter alia*, Hikma has committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of New Jersey and throughout the United States.

11. This Court has personal jurisdiction over Hikma by virtue of the fact that Hikma is at home in New Jersey as reflected by the fact that, on information and belief, it regularly does or solicits business in New Jersey, engages in other persistent courses of conduct in New Jersey, and/or derives substantial revenue from services or things used or consumed in New Jersey, including by selling its pharmaceutical products in New Jersey and, therefore, can reasonably expect to be subject to jurisdiction in the New Jersey courts. Among other things, on information and belief, Hikma conducts marketing and sales activities in the State of New Jersey, including but not limited to, distribution, marketing, and sales of pharmaceutical products to New Jersey residents that are continuous and systematic. On information and belief, if Hikma's

ANDA No. 218731 is approved, it will market and sell its generic versions of Xtandi® tablets in New Jersey.

12. This Court has personal jurisdiction over Hikma by virtue of the fact that, on information and belief, Hikma has an established place of business in New Jersey. Hikma has an active business entity status registered with the New Jersey Department of Treasury under the business entity identification number 0100487525 and maintains a business address at 200 Connell Drive, 4th Floor, Berkeley Heights, New Jersey 07922. On information and belief, Hikma has registered with the State of New Jersey's Department of Health as a drug wholesaler and manufacturer operating in New Jersey under the registration number 5002130.

13. This Court also has personal jurisdiction over Hikma by virtue of the fact that Hikma previously submitted to the jurisdiction of this Court and availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction including, but not limited to, *e.g.*, *American Regent, Inc. v. Hikma Pharms. USA Inc.*, No. 2:24-cv-07803 (D.N.J.); *Axsome Malta Ltd. v. Alkem Lab'ys Ltd.*, No. 2:23-cv-20354 (D.N.J.); *Janssen Pharms., Inc. v. Hikma Pharms. USA, Inc.*, No. 1:23-cv-02942 (D.N.J.); *Celgene Corp. v. Hikma Pharms. USA Inc.*, No. 2:21-cv-10398 (D.N.J.); and *Corcept Therapeutics, Inc. v. Hikma Pharms. USA Inc.*, No. 2:21-cv-05034 (D.N.J.). On information and belief, Hikma has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of New Jersey by having filed suit in this jurisdiction. *See, e.g.*, *West-Ward Pharm. Corp. v. Par Pharm., Inc.*, No. 3:16-cv-05456 (D.N.J.).

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

15. Venue is proper in this judicial district for Hikma because, among other things, on information and belief, Hikma has an active business entity identification number in the State of

New Jersey (0100487525) and maintains a regular and established place of business at 200 Connell Drive, 4th Floor, Berkeley Heights, New Jersey 07922. On information and belief, Hikma has registered with the State of New Jersey's Department of Health as a drug wholesaler and manufacturer operating in New Jersey under the registration number 5002130. On information and belief, Hikma has employees in New Jersey. On information and belief, based on Hikma's presence in and connections to New Jersey, discoverable information in Hikma's possession, custody, or control regarding Hikma's ANDA No. 218731 will show that Hikma engaged in activities in New Jersey relevant to the preparation and/or submission of Hikma's ANDA No. 218731.

16. Venue is proper in this judicial district for Hikma because, among other things, Hikma has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture Xtandi® for sale and use throughout the United States, including within the State of New Jersey.

**THE XTANDI® TABLET NDA**

17. APUS filed New Drug Application ("NDA") No. 213674 for Xtandi® (enzalutamide) tablets, 40 mg and 80 mg. The FDA approved NDA No. 213674 for Xtandi® 40 mg and 80 mg tablets on August 4, 2020, for the treatment of patients with castration-resistant prostate cancer and metastatic castration-sensitive prostate cancer. On November 16, 2023, the FDA approved an expanded indication for the use of Xtandi® 40 mg and 80 mg tablets to treat patients with non-metastatic castration-sensitive prostate cancer with biochemical recurrence at high risk for metastasis. Xtandi® tablets are sold and co-promoted by APUS and Pfizer Inc. in the United States.

18. Enzalutamide is a compound that can be referred to by any of several chemical names, including 4-{3-[4-cyano-3-(trifluoromethyl)phenyl]-5,5-dimethyl-4-oxo-2-sulfanylideneimidazolidin-1-yl}-2-fluoro-N-methylbenzamide, 4-{3-(4-cyano-3-(trifluoromethyl)phenyl)-5,5-dimethyl-4-oxo-2-thioxoimidazolidin-1-yl}-2-fluoro-N-methylbenzamide, 4-[3-[4-cyano-3-(trifluoromethyl)phenyl]-4-keto-5,5-dimethyl-2-thioxo-imidazolidin-1-yl]-2-fluoro-N-methyl-benzamide, and 4-[3-[4-cyano-3-(trifluoromethyl)phenyl]-5,5-dimethyl-4-oxo-2-sulfanylidene-1-imidazolidinyl]-2-fluoro-N-methylbenzamide, and which has the following chemical structure:

[Chemical structure diagram of enzalutamide]

## THE PATENTS-IN-SUIT

19. On December 12, 2023, the '689 patent, entitled "Formulations of Enzalutamide," was duly and legally issued to API and MPT. A true and correct copy of the '689 patent is attached hereto as Exhibit A.

20. In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '689 patent is listed in the Orange Book for Xtandi® 40 mg and 80 mg tablets.

21. Pursuant to an agreement, as amended, entered into between API, AUS, Medivation, Inc., and Medivation Prostate Therapeutics, Inc., API was granted an exclusive license to the '689 patent.

22. Pursuant to an agreement, as amended, entered into between API and AUS, AUS was granted a sublicense to the '689 patent.

23. Pursuant to an agreement entered into between AUS and APUS, APUS was granted a sublicense to the '689 patent.

24. On September 28, 2016, Pfizer Inc. acquired Medivation, Inc. and its wholly owned subsidiary Medivation Prostate Therapeutics, Inc.

25. On August 28, 2017, Medivation, Inc. filed a Certificate of Conversion with the Delaware Secretary of State, in which Medivation, Inc. converted from a corporation to a limited liability company and changed its name to Medivation LLC.

26. On August 28, 2017, Medivation Prostate Therapeutics, Inc. filed a Certificate of Conversion with the Delaware Secretary of State, in which Medivation Prostate Therapeutics, Inc. converted from a corporation to a limited liability company and changed its name to Medivation Prostate Therapeutics LLC.

27. On December 10, 2024, the '628 patent, entitled "Combination Therapy," was duly and legally issued to API and MPT. A true and correct copy of the '628 patent is attached hereto as Exhibit B.

28. In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '628 patent will be timely listed in the Orange Book for Xtandi® 40 mg and 80 mg tablets.

## CLAIMS FOR RELIEF – PATENT INFRINGEMENT

29. By a letter dated December 6, 2024 (the "Hikma Notice Letter"), Hikma advised APUS, API, and MPT that it had submitted ANDA No. 218731 to the FDA seeking approval to manufacture, use, or sell enzalutamide 40 mg and 80 mg tablets ("Hikma's Generic Products") prior to the expiration of the '689 patent. The '628 patent will expire after the '689 patent.

30. On information and belief, Hikma submitted ANDA No. 218731 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), seeking approval to engage in

the commercial manufacture, use, and sale of Hikma's Generic Products as generic versions of Xtandi® 40 mg and 80 mg tablets.

31. On information and belief, ANDA No. 218731 seeks FDA approval of Hikma's Generic Products for the indications of treatment of castration-resistant prostate cancer, metastatic castration-sensitive prostate cancer, and non-metastatic castration-sensitive prostate cancer with biochemical recurrence at high risk for metastasis.

32. The Hikma Notice Letter also advised APUS, API, and MPT that Hikma's ANDA submission included a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in Hikma's opinion, certain claims of the '689 patent are invalid, unenforceable, and/or not infringed.

33. The Hikma Notice Letter does not allege non-infringement of Claim 1 of the '689 patent.

34. By not alleging non-infringement of Claim 1 of the '689 patent in the Hikma Notice Letter, Hikma admits Hikma's Generic Products infringe Claim 1 of the '689 patent.

35. The Hikma Notice Letter does not allege invalidity under 35 U.S.C. §§ 101, 102, or 112, or unenforceability of any claim of the '689 patent.

36. By not identifying invalidity defenses under 35 U.S.C. §§ 101, 102, or 112, or unenforceability defenses for the '689 patent in the Hikma Notice Letter, Hikma admits the claims of the '689 patent are valid under 35 U.S.C. §§ 101, 102, and 112, and are enforceable.

37. There is an actual, real, immediate, and justiciable controversy between Plaintiffs and Hikma regarding the infringement, validity, and enforceability of the Xtandi® patents.

38. Plaintiffs are commencing this action within 45 days of receiving the Hikma Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

## COUNT I
### (Infringement of the '689 Patent)

39. Plaintiffs incorporate each of the preceding paragraphs 1 to 38 as if fully set forth herein.

40. By submitting ANDA No. 218731 to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Hikma's Generic Products throughout the United States, including New Jersey, prior to expiration of the '689 patent, Hikma committed an act of infringement of the '689 patent under 35 U.S.C. § 271(e)(2)(A).

41. The '689 patent claims, *inter alia*, pharmaceutical compositions of enzalutamide. Claim 1 recites "a pharmaceutical composition comprising a solid dispersion consisting essentially of amorphous enzalutamide and hydroxypropyl methylcellulose acetate succinate" ("HPMCAS"). Certain dependent claims specify that the formulation is a tablet.

42. The formulation of Xtandi® tablets, 40 and 80 mg, contains a pharmaceutical composition comprising a solid dispersion consisting essentially of amorphous enzalutamide and HPMCAS. The formulation of Xtandi® tablets, 40 and 80 mg, is covered by the '689 patent.

43. The Hikma Notice Letter does not dispute that Hikma's Generic Products contain a pharmaceutical composition comprising a solid dispersion consisting essentially of amorphous enzalutamide and HPMCAS.

44. On information and belief, Hikma copied the claimed invention of the '689 patent.

45. On information and belief, Hikma was not required to copy the claimed invention of the '689 patent or the Xtandi® tablets formulation.

46. On information and belief, Hikma's Generic Products, if approved by the FDA, will contain a pharmaceutical composition comprising a solid dispersion consisting essentially of

9

amorphous enzalutamide and HPMCAS, which will constitute infringement of claims of the '689 patent.

47. On information and belief, Hikma's manufacture, use, sale, offer for sale, and/or importation into the United States of Hikma's Generic Products prior to the expiration of the '689 patent, including any applicable exclusivities or extensions, will directly infringe the '689 patent under 35 U.S.C. § 271(a) either literally or under the doctrine of equivalents. Hikma will infringe one or more of the claims of the '689 patent.

48. On information and belief, Hikma was aware of the existence of the '689 patent and its listing in the Orange Book as demonstrated by Hikma's reference to the '689 patent in the Hikma Notice Letter.

49. On information and belief, Hikma knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Hikma's Generic Products prior to patent expiry will infringe one or more claims of the '689 patent.

50. On information and belief, Hikma's statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '689 patent is devoid of an objective good faith basis in either the facts or the law. This case is exceptional.

51. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## COUNT II
**(Infringement of the '628 Patent)**

52. Plaintiffs incorporate each of the preceding paragraphs 1 to 51 as if fully set forth herein.

53. Hikma, by filing the Hikma Notice Letter, has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hikma's Generic Products prior to the expiration of the '689 patent, and therefore prior to the expiration of the '628 patent.

54. Hikma has been aware of the '628 patent since at least January 3, 2025 when it was notified by Astellas.

55. The submission of Hikma's ANDA seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Hikma's Generic Products, prior to the expiration of the '628 patent, constitutes infringement of one or more of the claims of the '628 patent under 35 U.S.C. § 271(e)(2)(A).

56. On information and belief, Hikma intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hikma's Generic Products with the proposed labeling immediately and imminently upon final approval of Hikma's ANDA No. 218731.

57. The '628 patent claims, *inter alia*, methods of treating prostate cancer in patients to whom rifampin is administered. Claim 1 recites a "method of treating prostate cancer in a patient to whom rifampin is administered, comprising co-administering to the patient a daily dose of 240 mg of enzalutamide."

58. On information and belief, Hikma's manufacture, use, sale, offer for sale, and/or importation into the United States of Hikma's Generic Products prior to the expiration of the '628 patent, including any applicable exclusivities or extensions, will actively induce infringement of at least Claim 1 of the '628 patent under 35 U.S.C. § 271(b). Hikma will aid another in the infringement of one or more of the claims of the '628 patent.

59. On information and belief, Hikma's Generic Products will have instructions for use that substantially copy the instructions for Xtandi® tablets, which disclose and encourage the practice of all the elements of Claim 1 of the '628 patent. Upon information and belief, the proposed labeling for Hikma's Generic Products will direct the use of Hikma's Generic Products for the following indications: treatment of patients with castration-resistant prostate cancer, treatment of patients with metastatic castration-sensitive prostate cancer, and treatment of patients with non-metastatic castration-sensitive prostate cancer with biochemical recurrence at high risk for metastasis. On information and belief, the proposed labeling for Hikma's Generic Products will identify rifampin as a strong CYP3A4 inducer that decreases plasma concentrations of enzalutamide and its active metabolite and direct the co-administration of Hikma's Generic Products at a dose of 240 mg orally once daily in patients who are receiving rifampin.

60. On information and belief, Hikma's Generic Products, if approved by the FDA, will be prescribed and administered to human patients to treat castration-resistant prostate cancer, metastatic castration-sensitive prostate cancer, and/or non-metastatic castration-sensitive prostate cancer with biochemical recurrence at high risk for metastasis, who are also receiving rifampin, at a daily dose of 240 mg/day, which will constitute infringement of at least Claim 1 of the '628 patent.

61. On information and belief, this directly infringing use will occur with Hikma's specific intent and encouragement and will be a use that Hikma knows or should know will occur.

62. On information and belief, Hikma copied the claimed invention of the '628 patent.

63. On information and belief, Hikma will actively induce, encourage, aid, and abet this prescription and administration, with knowledge and specific intent that this use will be in contravention of Plaintiffs' rights under the '628 patent.

64. On information and belief, Hikma's acts will be performed with knowledge of the '628 patent and with intent to encourage infringement prior to patent expiry.

65. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## COUNT III
### (Declaratory Judgment of Infringement of the '628 Patent Under 35 U.S.C. § 271(b))

66. Plaintiffs incorporate each of the preceding paragraphs 1 to 65 as if fully set forth herein.

67. On information and belief, Hikma intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hikma's Generic Products with the proposed labeling immediately and imminently upon final approval of Hikma's ANDA No. 218731 and prior to the expiration of the '628 patent. Therefore, a case or controversy exists between Hikma and Plaintiffs as to infringement of the '628 patent.

68. Hikma has been aware of the '628 patent since at least January 3, 2025 when it was notified by Astellas.

69. The '628 patent claims, *inter alia*, methods of treating prostate cancer in patients to whom rifampin is administered. Claim 1 recites a "method of treating prostate cancer in a patient to whom rifampin is administered, comprising co-administering to the patient a daily dose of 240 mg of enzalutamide."

70. On information and belief, Hikma's manufacture, use, sale, offer for sale, and/or importation into the United States of Hikma's Generic Products prior to the expiration of the '628 patent, including any applicable exclusivities or extensions, will actively induce infringement of

at least Claim 1 of the '628 patent under 35 U.S.C. § 271(b). Hikma will aid another in the infringement of one or more of the claims of the '628 patent.

71. On information and belief, Hikma's Generic Products will have instructions for use that substantially copy the instructions for Xtandi® tablets, which disclose and encourage the practice of all the elements of Claim 1 of the '628 patent. Upon information and belief, the proposed labeling for Hikma's Generic Products will direct the use of Hikma's Generic Products for the following indications: treatment of patients with castration-resistant prostate cancer, treatment of patients with metastatic castration-sensitive prostate cancer, and treatment of patients with non-metastatic castration-sensitive prostate cancer with biochemical recurrence at high risk for metastasis. On information and belief, the proposed labeling for Hikma's Generic Products will identify rifampin as a strong CYP3A4 inducer that decreases plasma concentrations of enzalutamide and its active metabolite and direct the co-administration of Hikma's Generic Products at a dose of 240 mg orally once daily in patients who are receiving rifampin.

72. On information and belief, Hikma's Generic Products, if approved by the FDA, will be prescribed and administered to human patients to treat castration-resistant prostate cancer, metastatic castration-sensitive prostate cancer, and/or non-metastatic castration-sensitive prostate cancer with biochemical recurrence at high risk for metastasis, who are also receiving rifampin, at a daily dose of 240 mg/day, which will constitute infringement of at least Claim 1 of the '628 patent.

73. On information and belief, this directly infringing use will occur with Hikma's specific intent and encouragement and will be a use that Hikma knows or should know will occur.

74. On information and belief, Hikma copied the claimed invention of the '628 patent.

75. On information and belief, Hikma will actively induce, encourage, aid, and abet this prescription and administration, with knowledge and specific intent that this use will be in contravention of Plaintiffs' rights under the '628 patent.

76. On information and belief, Hikma's acts will be performed with knowledge of the '628 patent and with intent to encourage infringement prior to patent expiry.

77. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that Hikma has infringed one or more claims of United States Patent Nos. 11,839,689 and 12,161,628 by submitting and maintaining ANDA No. 218731 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of Hikma's Generic Products before the expiration of the patents under 35 U.S.C. § 271(e)(2)(A);

B. A judgment (or declaration) that Hikma's commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Hikma's Generic Products will infringe one or more claims of United States Patent Nos. 11,839,689 and 12,161,628 under 35 U.S.C. §§ 271(a) and/or (b);

C. A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining Hikma, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from engaging in the commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Hikma's Generic Products prior to the expiration date of United States Patent Nos. 11,839,689 and 12,161,628, inclusive of any

extensions;

D. An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 218731 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration date of United States Patent Nos. 11,839,689 and 12,161,628, inclusive of any extensions;

E. A declaration that this case is "exceptional" under 35 U.S.C. § 285 and an award of attorney fees;

F. An award of costs and expenses in this action; and

G. Such other and further relief as the Court may deem just and proper.

Dated: January 16, 2025

OF COUNSEL:

Dominick A. Conde (*phv* forthcoming)
William E. Solander (*phv* forthcoming)
Erin J.D. Austin
Whitney M. Howard (*phv* forthcoming)
VENABLE LLP
151 West 42nd Street
New York, NY 10036

/s/ *Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiffs*

## **LOCAL RULE 11.2 CERTIFICATION**

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending litigation in any court, administrative proceeding, or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action, but this action is related to the following actions:

- *Astellas Pharma Inc., et al. v. Haimen Pharma Inc., et al.*, Case No. 3:24-cv-09403 (MAS), pending in the United States District Court for the District of New Jersey;

- *Astellas Pharma Inc., et al. v. Zydus Pharmaceuticals (USA) Inc., et al.*, Case No. 3:24-cv-09748 (MAS), pending in the United States District Court for the District of New Jersey;

- *Astellas Pharma Inc., et al. v. Ascent Pharmaceuticals, Inc., et al.*, Case No. 3:25-cv-00035, pending in the United States District Court for the District of New Jersey.

Dated: January 16, 2025

/s/ *Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

OF COUNSEL:

Dominick A. Conde (*phv* forthcoming)
William E. Solander (*phv* forthcoming)
Erin J.D. Austin
Whitney M. Howard (*phv* forthcoming)
VENABLE LLP
151 West 42nd Street
New York, NY 10036

## LOCAL RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiffs seek, *inter alia*, injunctive relief.

Dated: January 16, 2025

/s/*Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

OF COUNSEL:
Dominick A. Conde (*phv* forthcoming)
William E. Solander (*phv* forthcoming)
Erin J.D. Austin
Whitney M. Howard (*phv* forthcoming)
VENABLE LLP
151 West 42nd Street
New York, NY 10036